UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv022-FDW

NATHANIEL GOODE, )
)
      Petitioner, )
)
vs. ) **ORDER**
)
DAVID MITCHELL, )
)
      Respondent. )
_____)

**THIS MATTER** is before the Court upon initial review of Petitioner Nathaniel Goode's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

**I.    BACKGROUND**

On February 20, 2007, the North Carolina Court of Appeals filed an opinion affirming in part, and reversing in part, Petitioner's convictions which were sustained after a jury trial in Rutherford County Superior Court. State v. Goode, 640 S.E.2d 870 (N.C. Ct. App. 2007) (unpublished). According to the record before this Court, Petitioner did not file a petition for discretionary review with the Supreme Court of North Carolina, nor did he file a petition for a writ of certiorari with the Supreme Court of the United States.

Instead, on March 10, 2010, Petitioner filed a motion for appropriate relief ("MAR") in the Superior Court of Rutherford County, and the same was denied by order entered on June 28, 2010. (Order Deny. MAR, Pet'r's Ex. #8, Doc. No. 1-11). On September 1, 2010, the North Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari, (Pet. 4, Doc. No. 1), and on October 6, 2011, the Supreme Court of North Carolina granted the State's motion to dismiss his petition for a writ of certiorari, State v. Goode, 718 S.E.2d 153 (N.C. 2011).

1

On November 13, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court. Goode v. Smith, 1:12cv366, Doc. No. 1. He raised the following claims for relief: (1) the prosecution withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), (i.e. that the gun Petitioner was accused of using during the crimes had been seized by the police several days before the crimes); (2) Petitioner's trial lawyer provided ineffective assistance of counsel; (3) a juror committed misconduct by speaking with the prosecution's lead investigator during a lunch break; and (4) a police officer supplied the victim with drugs in order to influence her testimony at trial. Order Dismissing Pet. 3-4, 1:12cv366, Doc. No. 14.

On May 17, 2013, the District Court dismissed the petition as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and (D). Order Dismissing Pet., 1:12cv366, supra, at 4-7. Petitioner did not file an appeal.

On February 2, 2014, Petitioner filed the instant petition for writ of habeas corpus pursuant to § 2254. (Doc. No. 1). He raises the following grounds for relief: (1) that he is actually innocent of the crimes due to newly discovered evidence (i.e. that the gun Petitioner was accused of using during the crimes had been seized by the police several days before the crimes); (2) ineffective assistance of counsel; (3) the prosecution withheld material exculpatory evidence in violation of Brady (i.e. that the gun Petitioner was accused of using during the crimes had been seized by the police several days before the crimes); and (4) a juror committed misconduct by speaking with the prosecution's lead investigator during a lunch break. Attach. to Pet., Doc. No. 1-2.

II. **STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it

plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted, Petitioner has filed a prior habeas petition challenging his 2005 convictions and sentences (1:12cv366). In the instant case, Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

## IV: CONCLUSION

For the reasons stated herein, the Court finds that the present § 2254 petition should be dismissed without prejudice as an unauthorized, successive § 2254 petition.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's petition for a writ of habeas corpus, Doc. No. 1, is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 24, 2015

Frank D. Whitney
Chief United States District Judge